T. G. WILSFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3853.    Promulgated April 13, 1927.

1. The evidence does not establish the right of the petitioner to deduct the entire amount of the operating loss of a plantation which was operated during a part of the year by a partnership of which the petitioner was a member.

2. The evidence fails to establish right to deduction for claimed lessening in value of mules acquired for use on the plantation.

*O. R. Ewing*, *C. P. A.*, for the petitioner.
*Dwight H. Green*, Esq., for the respondent.

This proceeding involves an appeal from the action of the Commissioner in rejecting in part a claim for abatement filed by the petitioner. The latter alleges that the Commissioner erred in not permitting him to inventory certain work mules and in refusing to allow as a deduction the amount claimed as a loss in connection with the operation of a partnership.

### FINDINGS OF FACT.

On or about January 1, 1920, the petitioner and W. L. Rhodes formed a partnership for the purpose of purchasing and operating a cotton plantation in the State of Arkansas. The profits and losses of the partnership were to be shared on the basis of two-thirds to the petitioner and one-third to Rhodes. A plantation was purchased at Patoka, Ark., together with all the machinery and equipment necessary to operate it. On November 20, 1920, Rhodes executed a release transferring his interest in the partnership to petitioner in consideration of the petitioner assuming all the debts and liabilities of the partnership. The release reads as follows:

Known all Men by these Presents that I this Day Release to T. G. Wilsford of Lula, Miss all claims that I may have on the following described Land Lying and being in Crittendon County Ark.

All of Section Two (2) and the Northeast quarter NE ¼ North of the Bayou of Section Eleven (11) and the Northwest Quarter (NW ¼) North of the Bayou except Southwest Quarter of Northeast Quarter of the Northwest Quarter of Section Twelve (12) all in Township Five (5) Range Seven (7) containing Eight Hundred Seventy Five (875) Acres of Land more or less.

also all interest that I may have in all Live Stock—and all Farming Implements of all Kind and all Accounts that may be due the Firm of Wilsford and Rhodes.

for the Consideration of the above the said T. G. Wilsford has agreed and assumed all Debts that may be against the Firm of Wilsford and Rhodes and on the above described Land. Witness My Signature this the 20th Day of November 1920.

                                        (Signed)        W. L. RHODES.
Witness
     W. R. SMITH

Rhodes owned no property other than that enumerated in the release quoted above.

Thereafter the petitioner continued to operate the plantation for the balance of the year 1920 and during that period took active steps to liquidate and dispose of the property acquired by him in connection with this venture.

The books of the partnership were not closed until December 31, 1920. Thereafter a partnership return was filed by Wilsford and Rhodes for the calendar year 1920, which return was executed by Rhodes and the loss for the year was shown therein as two-thirds

to Wilsford and one-third to Rhodes. In the original income-tax return filed by the petitioner for the year 1920 he took as a deduction an amount equal to two-thirds of the claimed operating loss of the partnership. In an amended return filed on July 7, 1922, he deducted as a loss the entire alleged operating loss of the partnership.

The petitioner·maintained that the execution of the release served to work a dissolution of the partnership and that in view of its dissolution and the assumption of the partnership debts he was entitled to take the entire operating loss of the partnership for the year 1920 as a deduction from his taxable gross income for the year 1920. The Commissioner permitted as a deduction an amount equal to only two-thirds of the operating loss of the partnership for the taxable year.

During the year 1920 the partnership of Wilsford & Rhodes acquired a number of mules for use in working their cotton plantation. Some of the mules were sold to tenants on the plantation and a few of these were repurchased during the taxable year. Petitioner inventoried the mules at the close of 1920 at a price substantially the same as that received by a neighbor for certain mules sold by the latter on or about December 31, 1920. The Commissioner denied the right of the taxpayer to inventory the mules and instead capitalized them at full cost and allowed depreciation at the rate of 12½ per cent.

OPINION.

ARUNDELL: We think it is clear that the petitioner is not entitled to take as a deduction the entire operating loss of the partnership for the year 1920 in determining his net taxable income for that period, even though the partnership may have been dissolved on or about November 20, 1920. It is apparent from the release signed by Rhodes that petitioner in consideration of assuming Rhodes' share of the partnership debts received therefor such interest as Rhodes had in the plantation, together with the live stock, farming implements and accounts receivable. There is some testimony in the record which would indicate that the equity of petitioner and Rhodes in the land was of little or no value, but the record is silent as to the value of the farming equipment, and the accounts receivable. The record establishes that the live stock had at least some value. Inasmuch as the evidence discloses that the petitioner received property of some value for assuming Rhodes' share of the partnership indebtedness, though what that value was he did not establish, he can not deduct in his personal return for the year 1920 the entire operating loss of the partnership for that year.

Even if it be proper to use the inventory method in a case of this sort, the evidence in the record is not sufficient for us to determine

whether the basis used by petitioner was a correct one. The only testimony offered is that the price fixed in the inventory, which was not placed in evidence, was the same as the price at which mules were sold by a neighbor farmer on or about December 31, 1920. Neither the details of that sale nor the price received were testified to.

*Judgment will be entered for the respondent after 15 days' notice, under Rule 50.*